NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAZAR BELQUIR MIRA MIRA, | No. 15-70090 |
| Petitioner, | Agency No. A094-825-234 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Eliazar Belquir Mira Mira, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Mira Mira's contentions as to the newly proposed social group of "returning El Salvadoran citizen from the United States who have already been the subject of violence and harm form [sic] gang members (and guerillas) there," because he failed to raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The agency did not err in finding that Mira Mira failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1138-40 (9th Cir. 2016) (explaining cognizability standard and finding petitioner's proposed social group of "deportees from the United States to El Salvador" not cognizable); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (holding that young men in El Salvador resisting gang violence is

2

too loosely defined to meet the requirement for particularity).

Substantial evidence supports the agency's determination that Mira Mira otherwise failed to demonstrate a nexus between the harm he experienced or fears in El Salvador and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding a political opinion claim failed where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals). Thus, Mira Mira's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**